## CITY OF CINCINNATI *v.* KIRK ET AL.

*Watercourses—Damages for pollution of creek—Judgment excessive where sole ownership of land not in plaintiff—Measure of damage to riparian owner.*

1. In action for pollution of creek for five years, judgment of $5,000, assessed on basis of plaintiffs' sole ownership of land, will be reversed, where one-fourth interest was outstanding for one year and three months, unless plaintiffs remit excess.
2. In action by riparian owners for pollution of creek, measure of damages is loss in rental value.

(Decided December 28, 1925.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Frank K. Bowman,* city solicitor, and *Mr. Henry M. Bruestle,* for plaintiff in error.

*Messrs. Peck, Shaffer & Williams* and *Mr. Milton Sayler,* for defendants in error.

HAMILTON, J. The defendants in error were the owners of 805 acres of land, situated partly in the city of Cincinnati and partly in Green and Miami townships, Hamilton county, Ohio. Through this land flows a creek known as Muddy creek. In 1916 the city of Cincinnati built a sewage system, discharging its contents into Muddy creek, causing the pollution of the same through the lands of the Kirks, and the creek was thereby rendered valueless to the riparian owners.

Defendants in error brought their action seeking

[1] Waters, 40 Cyc. p. 602; [2] Id., p. 601.

damages against the city, claimed to have been sustained by reason of the pollution of the creek. The damages claimed were for a period of four years next preceding the filing of the petition, which is the period limited by the statute. Later, a supplemental petition was filed covering an additional year, in which damages were claimed. On the trial of the case, the jury returned a verdict for the Kirks in the sum of $5,000, and judgment was entered on the verdict. Error is prosecuted here by the city of Cincinnati seeking a reversal of that judgment.

The first specification of error is that the Kirks did not have complete title to the whole 805-acre tract the four years next preceding the filing of the petition.

The record discloses that Theodore Kirk was the owner of three-fourths of the tract of land in question, and Margaret Dalton Kirk was the owner of one-fourth thereof. The record further shows that Margaret Dalton Kirk had only held title to the one-fourth interest for two years and nine months preceding the filing of the petition. Therefore, under the statute, the plaintiffs would only be entitled to recover on the one-fourth interest for a period of two years and nine months under the petition, with an additional year under the supplemental petition. There is nothing in the record to show that the jury gave this interest separate consideration. The fair inference is that the award was made on the proposition that the whole farm was held by the plaintiffs for the full five-year period covered by the petition and the supplemental petition.

The record discloses that the jury found, in answer to interrogatories, that the entire damage to plaintiffs' land and property, by reason of the pollution of Muddy creek, was $7,500; that of this sum the damage contributed by the city was $5,000, the balance of the damage being charged to other sources. This verdict would make the damage caused by the city to be at the rate of $1,000 per year. As heretofore stated, under the evidence, the Kirks did not have title to one-fourth of the land for one year and three months of the period. It would, therefore, appear that the verdict was excessive in the sum of $312.50.

The other specifications of error all bear on the question of the measure of damage, or the amount, and, since the amount is well supported by the record, we find no prejudicial error under these specifications. The court properly charged the jury that the measure of damage was the loss in rental value.

If the plaintiffs will remit all in excess of $4,687.50, the judgment will be affirmed; otherwise the judgment will be reversed and the cause remanded.

*Judgment accordingly.*

Buchwalter, P. J., and Cushing, J., concur.