PILLIOD et v MAUMEE (Village)

Ohio Appeals, 6th Dist, Lucas Co

No 2153. Decided February 4th. 1929

Messrs. Connelly, Flory & Streicher, Toledo, for Pilliod et.

Mr. Paul W. Alexander, Toledo, for Village.

Judges SHIELDS, HOUCK & LEMERT (5th Dist) sitting.

MOUCK, J.

The Section of the statutes relating to the service of notice of intention to appropriate property is **3680 GC.**

Municipalities in Ohio receive their power and authority from the Legislature and the right of appropriating property

is conferred by 3677 GC, subdivision 13.

It will be observed from a reading of the petition in the instant case that there is no allegation of fraud or lack of authority on the part of the Village of Maumee, through its village council, to enact legislation declaring its intention to appropriate the property for the purpose set forth and stated in its resolution of necessity. A municipality, through its village or city council, has the statutory right and authority to enact such legislation as is authorized by legislative enactment and not prohibited by the Constitution of Ohio or of the United States, and we are fully satisfied that learned counsel for plaintiff will not contend that the defendant, the Village of Maumee, through its legislative body, the Village council, did not have the right and authority in fact as well as in law to pass the declaratory resolution now in question.

**Jones vs. Maumee, 20 Ohio App., 453.**
**Sargent vs. Cincinnati, 110 Ohio St., 444.**

In the case at bar no petition has been filed by the Village of Maumee to appropriate any property belonging to the plaintiffs. The basis of this action, and the relief sought, is to enjoin the defendant from pursuing its intention as indicated and set forth in the declaratory resolution hereinbefore referred to, to appropriate the property of plaintiffs for the purpose of obtaining a water supply for the said village. It is apparent, and needs no discussion on the part of the court, that the village of Maumee may never file a suit to appropriate the property of the plaintiffs. Hence it is clear to us that the suit on the part of the plaintiffs and the relief sought by them in their petition is premature and in the nature of a speculative action. At the proper time and in a proper procedure, the relief sought by plaintiffs no doubt would be proper and would be entertained in a court of law or equity. However, under the present proceedings, we hold that the plaintiffs are not entitled to the relief prayed for in their petition, notwithstanding the fact that the general demurrer filed thereto admits all of the allegations of fact which are well plead. The action of the Village Council of Maumee, being under authority of law and not tinctured with fraud or any elements of fact which would vitiate such legislation in law, can not be set aside and held for naught in the instant suit under the averments of the petition of plaintiffs.

It is urged by plaintiffs that the demurrer to the petition should be overruled because the legislature, in the statutory authority given municipalities to appropriate private property for public purposes, intended that such municipalities should know what quantity of estate they want and should so specify. We heartily agree with counsel as to the correctness and fairness of this statement, but do not think it is applicable to a resolution of necessity to appropriate, but is clearly pertinent to a petition which seeks to appropriate property for public purposes, and

that such petition must set forth the degree and extent of title sought to be appropriated.

Entertaining the views herein expressed, it is the unanimous conclusion of the members of this court that the demurrer to the petition should be sustained, which is now done.

Sheilds and Lemert, JJ, concur.